JOHN M. TILTON *v.* HENRY C. CLARK.

## JOHN M. TILTON vs. HENRY C. CLARK.

C., a Deputy Sheriff, levied on property of the value of $375—$250 in value exempt   Judgment debtor declined to make selection, but replevied the whole property. *Held*, that defendant have judgment for $125, that being the amount in value of the goods over and above statutory exemption.

*Circuit Court, Branch County, December,* 1869.

Replevin for span of horses and harness.

This cause was tried before the Court without a jury. The defendant was a Deputy Sheriff of Branch county, and as such officer, on the 17th day of September, 1868, by virtue of an execution, issued on a judgment duly rendered in a Justice's court in favor of one Aaron H. Green, against the plaintiff, Tilton, who was defendant in said judgment and execution, levied on a span of horses and harness, the property of said Tilton, and took them into his possession. Tilton, the plaintiff herein, claiming the property as exempt from execution, the Deputy Sheriff, on the same day of the levy, made an inventory of the property so levied on, and caused the same forthwith to be appraised as provided by law. The horses were each appraised at $200, and the harness at $30, making in all $430; and thereupon, on the same day, September 17, 1868, said officer notified Tilton of said appraisement and requested him to make his selection from the inventory, pursuant to §§ 4466, 4467, and 4469, *C. L.*, to the amount in value exempted. Tilton refused to make any selection, and on the same day, before any further proceedings were had by the officer, replevied said horses and harness from him in this suit.

It further appeared that Tilton was a married man, and by occupation a farmer, though not, at the time, occupying any farm, but stopping temporarily with his father-in-law, and assisting him some on his farm, preparatory to removing to Kansas to settle, where he has since gone. It also was proved that these horses were the only team he had to enable him to carry on his business of farming.

No question was raised as to the validity of the judgment and execution, or the fact of the levy by virtue thereof; but

JOHN M. TILTON *v.* HENRY C. CLARK.

they were admitted in evidence without objection, the plaintiff relying wholly on his claim of exemption under the statute.

The testimony as to the value of the property was somewhat conflicting.

*E. G. Parsons* for Plaintiff.

*M. S. Bowen* for Defendant.

*By the Court,* UPSON, J.—Under the evidence, I find the value of the property to be $375. The plaintiff was entitled to the benefit of the exemption, under subdivision 8 of §4465, *C. L.,* not exceeding in value $250. The value of the property replevied being $125 more than the amount of the exemption, and, under the circumstances of this case, the plaintiff not having been entitled to the whole property as specifically exempt under the statute, but only to an exemption not exceeding in value $250, and having elected to bring replevin for the whole property, claiming it all as specifically exempt, instead of bringing an action for damages, he is not entitled to recover.

The defendant, under the evidence, was shown, at the time the suit was commenced, to have had a lien upon, or special property in the horses and harness so levied upon to the amount of $125, being the amount in value of the property over and above the amount of the statutory exemption to the plaintiff, who was the general owner of the goods. Under §5033, *C. L.,* in regard to the action of replevin, the defendant is entitled to judgment for that amount, with costs, the property having all been replevied and delivered to the plaintiff.

See §4465, subdivision 8, *C. L.;* also, argument of the Court on the homestead exemption clause in Const. of 1850, not exceeding in value $1500, in *Beecher vs. Baldy,* 7 *Mich.,* 499, 500, 501, 502; also, §5033 *C. L.,* and *Green's Prac., p.* 178, §582.

Judgment accordingly.